PER CURIAM.
The Florida Bar petitions this Court to review the report of the referee in disciplinary proceedings the Bar instituted against Edward Cook. The Bar asks this Court to *1380 reverse the referee’s finding of guilt. We have jurisdiction. Art. V, § 15, Fla. Const.
The alleged disciplinary violations occurred as part of Cook’s own marriage dissolution proceedings. In the report the referee found that Cook had hired an official court reporter to record a deposition at the Seminole County Courthouse. The court reporter provided Cook with a transcript of the deposition but Cook never paid him for it. The referee found conflicting testimony over whether Cook hired an official court reporter to record the final hearing in the dissolution proceedings. The invoice for that transcript also has not been paid. The referee found Cook guilty of violating Disciplinary Rule 1-102(A)(6) of the Code of Professional Responsibility for engaging in “conduct that reflects adversely on his fitness to practice law.” * The referee recommended that Cook be given a public reprimand.
The Bar now argues that disciplinary proceedings are not appropriate in cases such as this which do not involve misrepresentation, dishonesty, deceit, or fraudulent procurement and which involve a dispute over an attorney’s failure to pay a personal debt. The Bar argues this dispute is more appropriately resolved through a civil action rather than through a Bar disciplinary proceeding.
We reverse the referee’s finding of guilt and, therefore, impose no discipline. We caution the Bar to carefully consider the implications of instituting such proceedings in the future.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, ehrlich, barkett, GRIMES and KOGAN, JJ., concur.

 Disciplinary Rule 1-102 of the Code of Professional Responsibility reads in whole:
(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
(2) Circumvent a Disciplinary Rule through actions of another.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.